[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13313
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00061-SDM-JSS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COLON JAIME PIBAQUE PIBAQUE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2018)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this drug-smuggling case, Colon James Pibaque Pibaque appeals his 135-month total concurrent sentence.  On appeal, Pibaque Pibaque argues that the district court erroneously denied him a minor role reduction under U.S.S.G. § 3B1.2.

We review a district court's determination of a defendant's role in his offenses as a finding of fact that will be reviewed only for clear error.  *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).

A court may decrease a defendant's offense level by two levels if a court finds that the defendant was a "minor participant" in the criminal activity: a participant who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2(b) & comment. (n.5).  The adjustment applies when the defendant proves that he "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity."  U.S.S.G. § 3B1.2, comment. (n.3(A)).  The commentary to § 3B1.2 further instructs that, in deciding what sort of role reduction the court should apply, the court should consider (1) "the degree to which the defendant understood the scope and structure of the criminal activity," (2) the defendant's level of involvement in planning or

2

organizing the criminal activity, (3) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority," (4) "the nature and extent of the defendant's participation in the commission of the criminal activity," and (5) how much "the defendant stood to benefit from the criminal activity." *Id.*, comment. (n.3(C)).

In determining whether a role adjustment is warranted, a district court first must evaluate the defendant's role in the relevant conduct for which he has been held accountable at sentencing and his role compared to that of other participants in his relevant conduct. *De Varon*, 175 F.3d at 940. The district court should only grant a downward adjustment for a minor role in the offense if the defendant can establish that he played a minor role in the conduct for which he was held responsible, rather than a minor role in any larger criminal conspiracy. *Id.* at 944.

Although a defendant's status as a drug courier alone does not establish whether or not he is a minor participant, "when a drug courier's relevant conduct is limited to [his] own act of importation [or transportation], a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942-43. Even when a defendant's role is less than that of other participants engaged in the conduct, the district court may still decide the defendant is no minor participant: it may be that none of the participants are minor. *Id.* at 944. Furthermore, in the drug courier context, "the amount of

3

drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and, in some cases, could be dispositive. *Id.* at 943. But drug quantity is not the only factor to consider when a assessing a courier's role. *United States v. Cruickshank*, 837 F.3d 1182, 1195 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 1435 (2017).

The district court did not clearly err in determining that Pibaque Pibaque was not a minor participant in the crime: Pibaque Pibaque was held responsible only for the cocaine jettisoned from a go-fast vessel and admitted that he was equally responsible as the other three crew members.

**AFFIRMED.**